[File No. 6114.]

GEORGE D. KELSEY, Public Administrator of Barnes County, North Dakota, Administrator of the Estate of Gustav Clausen, Deceased, Respondent, v. S. A. OLSNESS, Commissioner of Insurance of the State of North Dakota, Doing Business as the State Bonding Fund, and E. N. Johnson, Administrator of the Estate of R. T. Healy, Deceased.

S. A. OLSNESS, Commissioner of Insurance of the State of North Dakota, Doing Business as the State Bonding Fund, Appellant.

(249 N. W. 919.)

Opinion filed August 10, 1933.

*James Morris,* Attorney General, and *Charles Simon,* Assistant Attorney General, for appellant.

*A. F. Greffenius,* for respondent.

760

NUESSLE, Ch. J. This action was brought to recover on a public administrator's bond issued by the State Bonding Fund.

R. T. Healy was the duly elected and qualified public administrator of Barnes county from January 5, 1925, to March 18, 1931, the time of his death. As such public administrator he was bonded by bonds Nos. 10633 and 20017, issued by S. A. Olsness, Commissioner of Insurance, ex officio commissioner and manager of the State Bonding Fund pursuant to the provisions of article 10 of chapter 4 of the Political Code, being §§ 190 et seq., Comp. Laws 1913, and §§ 200b1 to 200b22, 1925 Supplement to the 1913 Compiled Laws. On March 18, 1931, Healy died. On May 15, 1931, the plaintiff Kelsey was appointed to fill the resulting vacancy. On November 23, 1925, Healy, as public administrator of Barnes county, was appointed administrator of the estate of Gustav Clausen, deceased. He duly qualified and acted as administrator of this estate until the time of his death. During the period of his administration he received certain funds belonging to the estate of the said Clausen and, at the time of his death, there remained in his possession as such administrator the sum of $1339.79. Clausen's heirs were residents of Norway. They designated I. A. Berg, of Grand Forks, a Norwegian vice consul, as their attorney in fact to look after their interests in the Clausen estate. In this behalf Berg retained A. F. Greffenius, an attorney of Valley City. Pursuant to this retainer, Greffenius acted as counsel for Healy in the administration of the Clausen estate. Healy died intestate. In April, 1931, Greffenius became concerned about the property of the Clausen estate which Healy had received as administrator. Accordingly he wrote the State Bonding Fund department indicating that there might be a shortage. On June 26, 1931, Kelsey was appointed as administrator of the Clausen

estate and thereafter duly qualified. On June 9, 1931, one E. N. Johnson was appointed as administrator of the estate of Healy and duly qualified. On July 25, Kelsey, as administrator of the Clausen estate, made demand upon Johnson as administrator of the Healy estate for an accounting of the Healy administration of the Clausen estate and for the property belonging to such estate that Healy had in his possession at the time of his death. This demand was refused by Johnson on the ground that there was no property in the Healy estate other than certain personal property which was exempt to his widow. Thereupon, Kelsey, as administrator, made demand upon the State Bonding Fund on account of Healy's default in the administration of the Clausen estate. Kelsey's contention was that the bonding fund was liable on the bonds issued to Healy as public administrator. His demand was refused on the ground it had not been made within sixty days after the discovery of the default as required by the statute, §§ 200b7, 1925 Supplement. Thereupon this action was begun.

The case was tried to the court without a jury. It was stipulated that if the plaintiff was entitled to recover, the amount of such recovery was $1339.79, the value of the personal property for which Healy had failed to account. The contentions advanced by the defendant in the district court and on which he relies on this appeal, are that the plaintiff could not recover in this action: (1) Because he had no authority to bring the action for the reason that the bond on which a recovery was sought was issued to Healy as a public officer; the premium was paid out of public funds; and only the proper officers of Barnes County, to-wit, the county auditor or the county judge were authorized under the statute to file claims against the bonding fund and to bring action to recover on account of Healy's default. (2) That the claim filed with the State Bonding Fund had not been filed within sixty days after the discovery of the default of Healy as required by § 200b7 of the Supplement.

The trial court overruled the contentions of the defendant in these several respects; found that the claim had been filed within time and ordered judgment for the plaintiff. Judgment was entered accordingly and the defendant Olsness perfected the instant appeal.

On this appeal the defendant relies upon the grounds urged in the trial court and stated above.

Healy, being public administrator, was appointed general administrator of the Clausen estate pursuant to the provisions of §§ 3442 and 3443, Comp. Laws 1913. His bond as public administrator became effective for him as general administrator under this appointment, see § 3443, supra, and was holden for his defaults as general administrator. 1925 Supp. § 200b7. The defendant urges that this is not so because it does not affirmatively appear that Healy was not ex officio administrator as public administrator. We think, however, that the letters of general administration issued by the county court of Barnes county and under which he purported to act, are sufficient to establish this fact in the absence of proofs to the contrary, and there are none. What we have said above likewise applies with respect to the designation of Kelsey as administrator. Accordingly, Kelsey, as the representative of the heirs of Clausen, is entitled to the possession of the property belonging to the estate. Comp. Laws 1913, § 8707. He represents those who were injured by the default of Healy. The injury was a private and not a public injury. Accordingly, as administrator, he had the right to vindicate the injury done by Healy and could make demand upon the bonding fund and bring action to enforce it upon compliance with the requisite statutory conditions. See §§ 200b7 and 200b10, 1925 Supplement, and §§ 8798, 8801, 8802, and 8805, Comp. Laws 1913.

Healy died on March 18. Kelsey was appointed public administrator on May 15th. He was appointed and qualified as administrator of the Clausen estate on July 1st. It affirmatively appears that as public administrator he had no knowledge of any default of Healy. He may have had the means of knowing that Healy as administrator of the estate had received certain property belonging to it, but there was nothing which apprised Kelsey that Healy's representatives could not and would not account for this property. Thus he did not know until on July 25, when he made demand for it upon Johnson, who had been appointed as administrator of the Healy estate. And when this demand was refused he immediately filed a claim against the bonding fund. Greffenius was the attorney for the representative of the Clausen heirs. He had some suspicion that Healy had defaulted, but he was not in a position to file a proper claim against the bonding fund. The heirs were residents of Norway. They knew nothing about

the matter. Neither did Berg their attorney in fact. There was no one with knowledge who could do this until Kelsey had qualified as administrator. Accordingly, the filing of the claim was within the statutory period of sixty days after the discovery of Healy's default.

The trial court's ruling and finding were right and the judgment is affirmed.

CHRISTIANSON, BURR, BIRDZELL and BURKE, JJ., concur.